UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

VOLT ELECTRIC NYC CORP.,

                              Plaintiff,

                    -v-

A.M.E., INC., HEMANT R. PATEL,

                              Defendants.

20 Civ. 4185 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

The Court has received letters from plaintiff Volt Electric NYC Corp. ("Volt"), Dkt. 19 ("Volt Letter"), and defendants A.M.E., Inc. and Hemant R. Patel (together "AME"), Dkt. 20 ("AME Letter"), regarding a recent discovery dispute in which Volt challenges the adequacy of AME's responses to two interrogatories. The Court requested copies of all of AME's responses to the challenged interrogatories, which the parties provided. Dkt. 22 ("AME Resp.").

The Court resolves the discovery dispute as follows:

1.     Volt propounded an interrogatory asking AME to "[p]rovide a computation of damages claimed by AME, and produce all documents on which each computation is based, including materials bearing on the nature and extent of the damages claimed." Volt Letter at 1. This interrogatory essentially tracks the mandatory disclosure in Federal Rule of Civil Procedure 26(a), which requires litigants to disclose a calculation of each category of damages and supporting documents on which the calculations are based. AME provided Volt with a table in which it identified different categories of expenses, *e.g.*, "[f]inal costs for CCIP Insurance," and the corresponding dollar amount. AME Resp., Ex. 2 at 6–7. AME also instructed Volt to "[s]ee documentation annexed hereto[,]" but did not specify documents by Bates numbers. *Id.* at 6.

1

On October 19, 2020, in response to an email from Volt's counsel, AME's counsel provided the Bates numbers for a range of documents "supporting AME's damages: D0162-D0269." *Id.*, Ex. 3 at 2.  However, Volt contends that these documents do not provide "sufficient information to understand how AME calculates the multiple line items of damages AME claims[,]" with the exception of the costs of insurance.  Volt Letter at 2–3.

AME contests whether this interrogatory properly falls under Local Rule 33.3(a).  AME Letter at 1.  However, per Local Rule 33.3(a), "computation[s] of each category of damage alleged" is one of the areas about which parties may propound interrogatories at the beginning of discovery, even in the absence of a court order.  Further, as explained above, documentation supporting computation of damages is required under F.R.C.P. Rule 26(a).  AME contends that it has provided more than 100 pages of "back up documentation consisting of replacement contractor proposals, payments to the replacement contractors, and timesheets reflecting a detailed description of work performed and time spent performing the work."  AME Letter at 1.

Federal Rule of Civil Procedure 33(d) permits a party to answer an interrogatory by identifying business records in lieu of a narrative response provided that the "answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and [that] the burden of deriving or ascertaining the answer will be substantially the same for either party."  The documents must be identified with enough specificity to enable the interrogating party to locate them, and the interrogating party must be given a "reasonable opportunity" to examine, audit, and copy the records.  *Id.*

Here, although AME's initial response was inadequate, AME has now identified the relevant documents by Bates number.  AME's response is sufficiently detailed to enable Volt to

identify the documents to which AME refers. The Court does not have all supporting documentation before it. But, to the extent that it is impossible for Volt to determine from the documents that AME has identified how any of its damages line items, other than insurance, were calculated, the volume of AME's response places a substantially higher burden on Volt to arrive at these calculations, and in this respect runs afoul of F.R.C.P. 33(d). The Court therefore instructs AME to provide a response that identifies relevant documents, by Bates number, for each line item on its table. Alternatively, AME may provide a narrative response that explains its damages calculation. The latter course—in which AME "shows its work"—is the one most likely to obviate an additional round of letter-writing to the Court on this point.

      2.      Volt also propounded the following interrogatory:

State with specificity the basis for AME's claim as to the following AME allegations:
   a. Volt Electric's work was "defective and/or incomplete";
   b. "Volt did not perform its contractual obligations in a good and workmanlike manner"; and,
   c. "Volt's failures resulted in damage to the Project . . . and delays in completing the work of the Project."

Volt Letter at 1.

Initially, in response, AME pointed Volt to "documentation annexed hereto." AME Resp, Ex. 2 at 7. Later, AME provided by email Bates numbers for a range of documents "reflecting manpower issues: D0001, D0002, D0019-D0020, D0043-D0044," and a range of documents "reflecting defective workmanship: D0027-D0030." *Id.*, Ex. 3 at 2. AME states that these documents are "emails between the parties" and that AME "specifically directed Volt to emails which demonstrate the issues with manpower and defective workmanship." AME Letter at 1. Unlike AME's initial response which did not specificy documents, its second response is sufficiently detailed to enable Volt to identify the documents to which AME refers. However,

Volt argues that AME's response does not provide "sufficient information so as to understand AME's back-charge claims." Volt Letter at 2.

As Volt correctly notes, this interrogatory is not covered by Local Rule 33.3(a). *Id.* at 2. But, Local Rules 33.3(a) and 33.3(b) may be modified by court order. In their case management plan, which the Court so-ordered, the parties chose August 31, 2020 as the final date for interrogatories to be served. Dkt. 15 (parties' case management plan). Thus, Volt was obligated to serve all interrogatories, even those that may be properly classified as "contention interrogatories," by that date.

AME states in its letter that it is "unclear" what else Volt is seeking and that it has fully complied with its discovery obligations. AME Letter at 1–2. However, AME also represented by email that it intends to supplement its document production. AME Resp., Ex. 3 at 2.

The Court finds that a full and prompt response to Volt's interrogatory regarding claims of defective work or problems with manpower prior to the close of deposition testimony will enable the parties to litigate most efficiently—and with the least likelihood of engendering a new wave discovery disputes—the claims at issue. As the parties are now two weeks from the close of depositions, AME is ordered to produce forthwith any supplemental documentation regarding Volt's allegedly defective work or problems with manpower and to supplement its response to this interrogatory with the Bates numbers of such documents and/or a narrative response providing clear answers to Volt's interrogatory. If of assistance, the Court would entertain a joint motion to extend the date for depositions to the date the parties identified for the close of fact discovery, December 11, 2020.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: October 30, 2020
       New York, New York