UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

VOLT ELECTRIC NYC CORP.,

                              Plaintiff,

                -v-

A.M.E., INC., HEMANT R. PATEL,

                             Defendants.

20 Civ. 4185 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      This order resolves a motion by defendants A.M.E., Inc. ("AME") and Hemant R. Patel ("Patel") to quash subpoenas issued by Volt Electric NYC Corp. ("Volt") to non-parties Henick-Lane, Inc. ("Henick-Lane") and Gilbane Building Company ("Gilbane"). *See* Dkt. 41-5 ("Mot."); Dkt. 41-3 ("Henick-Lane Subpoena"); Dkt. 41-4 ("Gilbane Subpoena"). For the reasons that follow, the Court denies defendants' motion to quash.

      **I.**      **Background**

      This action involves a dispute between Volt and defendants regarding construction work at the Jewish Theological Seminary ("JTS"). Dkt. 1 ("Compl.") ¶ 7. Gilbane is the construction manager of the JTS project, and Henick-Lane is the mechanical contractor. Mot. at 2. Henick-Lane entered into a contract with AME, which in turn hired Volt as a sub-contractor. *See id.*; *see also* Compl. ¶¶ 7–9. Volt alleges that, despite duly performing all its work, AME failed to pay Volt the full balance on its subcontract. Volt brings claims for breach of contract, unjust enrichment, account stated, and breach of trust. Compl. ¶¶ 12, 21–31. AME contends that Volt did not perform all contractual obligations, which resulted in delays to the JTS project. AME

counterclaims for breach of trust, negligent construction defects, breach of covenant of good faith, and lost profits due to delay. Dkt. 6 ("AME Answer") ¶¶ 5–6, 8–19.

Discovery in this case closes on March 5, 2021. On August 23, 2020, Volt propounded its first set of requests for production of documents from AME and Patel, which included books and records pursuant to New York Lien Law § 75(3). *See* Dkt. 43, Ex. B (Volt's first set of requests for production to defendants). On December 14, 2020, Volt served AME with requests for production, seeking documents related to payments that AME received in connection with the JTS project and correspondence with the party with whom AME contracted about delays with the project and/or the scope of Volt's work. *See* Dkt. 41-2 (Volt's second set of requests for production to defendants). This second set of requests asked again for books and records pursuant to New York Lien Law § 75(3).

The same day, Volt served subpoenas upon Gilbane and Henick-Lane, seeking similar information. *See* Gilbane Subpoena; Henick-Lane Subpoena. On January 6, 2021, counsel for Volt contacted counsel for Gilbane and Henick-Lane with a narrowed scope of each subpoena. *See* Dkt. 44 ("Opp'n") at 3; Dkt. 43, Ex. A (emails from Volt counsel to Gilbane and Henick-Lane counsel with proposal for reduced scope of documents). The parties conferred but were unable to reach resolution as the proper parameters of these subpoenas. *See* Mot. at 3.

AME contends that the subpoenas on the two non-parties should be quashed because the information sought is (1) "not relevant to the claims or defenses in the litigation" and (2) "duplicative and can be sought during the normal course of discovery from AME." *Id.* at 5. AME further claims that it has standing to move to quash the subpoenas because the defendants have a "personal privacy interest in the financial documentation related to the project and have

standing to object to the subpoena." Dkt. 45 ("Reply") at 3.[1]  Volt counters that the requests are relevant to its claim for breach of trust, for which it seeks punitive damages, and to defendants' counterclaim that it lost profits due to delay.  *See* Opp'n at 3.  Volt further argues that, although the subpoenas in question overlap with its second set of requests for production to defendants, AME and Patel have not produced any relevant documents, despite having received the first set of requests for books and records pursuant to New York Lien Law § 75(3) on August 23, 2020.  *See id.* at 2–4.  Finally, Volt argues that AME and Patel lack standing to move to quash the non-party subpoenas.

## II.     Discussion

Federal Rule of Civil Produce 45 ("Rule 45") governs discovery from non-parties.  Under Rule 45, the Court is required to quash or modify a subpoena that subjects the recipient to an undue burden or requires the disclosure of privileged information.  *See* Fed. R. Civ. P. 45(d)(3)(A).  The Court also may, at its discretion, quash or modify a subpoena that seeks trade secret or other confidential commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B).  "The movant bears the burden of persuasion on a motion to quash."  *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590 (LTS) (HBP), 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013).

In general, a party does not have standing to "challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."  *Id.* at *5.  However, courts have recognized exceptions for parties who have a personal privacy right or privilege in the subpoenaed documents.  *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018).

---

[1] The Court did not invite a reply in its order setting the briefing schedule for the motion to quash.  *See* Dkt. 42.  However, to permit AME and Patel to respond to Volt's arguments that defendants lack standing to challenge the non-party subpoenas, the Court has considered defendants' reply.

Courts have also recognized an exception where the party has some "proprietary interest in the subpoenaed matter." *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000).

AME and Patel argue that they have standing because the subpoenas seek documents related to "a private project" wherein "ordinarily only the parties to the contract would have access to the documentation being sought by Volt." Reply at 3. They contend that because Volt is "trying to obtain information related to AME's financial affairs," they have a "personal privacy interest" in the documentation sought. *Id.* Financial information of a commercial entity, however, is not a type that courts typically recognize as protectible under the personal privacy exception. *See Hughes*, 327 F.R.D. at 57 (examples of personal privacy right include "psychiatric and mental health records, claims of attorney-client privilege, and other privacy interests, including those relating to salary information and personnel records."). And AME has not established any "proprietary or other confidentiality-related interest it may have in the requested documents beyond a conclusory assertion that the subpoenas seek documents that are private [and] confidential." *Universitas Educ.*, 2013 WL 57892, at *5. The Court therefore finds that defendants' stated interest is insufficient to give them standing to challenge the subpoenas. *Id.*

However, even if defendants did have standing to challenge the subpoenas, the Court would deny the motion to quash. As modified, the subpoenas seek:

1. AME's contract with Henick-Lane or Gilbane;
2. AME's payment applications to Henick-Lane or Gilbane;
3. Documents showing payments by Henick-Lane or Gilbane to AME; and
4. Any delay claim notices related the electrical work.

Opp'n at 3; Dkt. 43, Ex. A (emails from Volt counsel to Gilbane and Henick-Lane counsel with proposal for reduced scope of documents).

Defendants contend that the requests are "completely irrelevant" and are propounded only to "harass[]" AME and Patel. Reply at 3–4. Volt persuasively explains, however, that the requested documents are relevant to its claim that AME violated New York Lien Law Article 3-A, which requires contractors to hold in trust all funds paid to the contractor until certain payments, including those to subcontractors, have been made. N.Y. Lien Law § 71; *see* Opp'n at 5–6. As Volt explains, the first three sets of requested documents are relevant to its claim for breach of trust. Opp'n at 3, 5–6. The contracts between AME and Gilbane or Henick-Lane are apt to show how much money AME should have expected to receive and hold in trust. *Id.* at 3. The payment applications are apt to show "how much money in trust funds AME requested" from Gilbane or Henick-Lane, and the documents showing payments made by Gilbane or Henick-Lane made to AME are apt to "establish the amount of trust funds AME received and that came into existence." *Id.* With respect to the delay claim notices, Volt explains, convincingly, that these are relevant to AME's counterclaims for damages caused by delays. *Id.* Accordingly, these documents are plainly relevant to the claims and defenses at issue in this litigation.

AME and Patel next argue that New York Lien Law § 75(3) does not entitle Volt to the full range of documents it seeks. Reply at 2–3. However, New York Lien Law § 75(3) governs the books and records that AME must keep as a contractor. It does not define the scope of permissible discovery in litigation.

Finally, AME and Patel argue that these documents are wholly duplicative of requests Volt served to defendants and that the documents may be obtained from defendants "in the normal course of discovery." Mot. at 6; Reply at 2–3; *see also* Fed. R. Civ. P. 26(b)(2)(c)(i) (permitting courts to limit discovery where discovery sought is "unreasonably cumulative and

5

duplicative"). The short answer is that AME and Patel, having failed thus far to comply with discovery requests that Volt issued upon them months ago seeking similar information, can hardly fault Volt for seeking it elsewhere.

As Volt concedes, the subpoenas to the two third parties are "somewhat" duplicative of those to defendants. But, Volt notes, defendants have not produced any documents responsive to requests covered by the subpoenas. Opp'n at 4. Volt first propounded requests for "books and records" as pursuant to New York Lien Law § 75(3) on August 23, 2020. *See* Dkt. 43, Ex. B. Defendants concede this and now state that "to the extent that Volt is entitled to review such documentation it will be produced during the normal course of discovery." Reply at 2. But defendants do not explain why, during a more than four-month period, AME has not produced any documentation relating to its trust obligations or to the JTS project delays, at a minimum the trust books and records that AME appears to concede exist. *Id.* The Court expects far more serious attentive to discovery obligations than defendants have shown. Accordingly, although Volt's requests are duplicative, they are not unreasonably so. Nor do defendants argue that production of the subpoenaed documents, as amended, would unduly burden Gilbane or Henick-Lane. And while Gilbane and Henick-Lane would be free to move this Court to quash their respective subpoenas on the bases of relevancy or undue burden, they have not so moved, and the record before the Court to date does not indicate that either such defense could be meritorious.

The Court accordingly denies defendants' motions to quash.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: January 19, 2021
      New York, New York